Nicholas J. Accurso, Esq. (NA 1853)
An Associate with the Firm of
REARDON & SCLAFANI, P.C.
Attorneys for Defendants
220 White Plains Road, Suite 235
Tarrytown, New York  10591
(914) 366-0201

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DAWN BARKER,

                    Plaintiffs,

      - against -                08 CIV. 4517(JSR)(JCF)

BRENDA A. ITHIER, PV HOLDING CORP.
and AVIS BUDGET GROUP, INC.,

                    Defendants.
------------------------------------x

## PRELIMINARY STATEMENT

The defendants PV Holding Corp. and Avis Budget Group, Inc. move this Court pursuant to Rule 56(b) for an order dismissing the plaintiff's complaint based on 49 USC §30106 and New York State Vehicle and Traffic Law §388. As a matter of law, it is submitted, plaintiff's complaint must be dismissed.

## JURISDICTION

This Court has original jurisdiction pursuant to sub-chapter I of Chapter 301 of Title 49, United States Code §30106, the "complete preemption doctrine" and diversity of citizenship. 28 USC §§1331, 1332.

## ARGUMENT

## POINT I

### THE PLAINTIFF'S COMPLAINT IS WITHOUT MERIT

New York State Vehicle and Traffic Law §388 imposes vicarious

2

liability on the owners of automobiles while those automobiles are being operated with the permission and consent of the owner. On August 10, 2005, Congress enacted the Safe, Accountable, Flexible, Efficient Transportation Equity Act, 49 USC §30106 (commonly known as the "Graves Amendment") prohibiting the imposition of vicarious liability against owners of motor vehicles and their affiliates who rent or lease their vehicles to the public which are subsequently involved in motor vehicle accidents. Flagler v. Budget Rent a Car System, Inc., 538 F.Supp.2d 557 (EDNY, 2008); Merchants Insurance Group v. Mitsubishi Motor Credit Association, 2008 WL 203195 (EDNY, 2008); Berkan v. Penske Truck Leasing Canada, Inc., 535 F.Supp.2d 341 (WDNY, 2008). The preemptive effect of the "Graves Amendment" on statutes imposing liability on the owners of rental cars has been routinely recognized. Jasman v. DTG Operations, Inc., 533 F.Supp.2d 753 (W.D. Michigan, 2008); Garcia v. Vanguard Car Rental USA, Inc., 510 F.Supp.2d 821 (M.D. Fla., 2007); Dargahi v. Hymas, 2007 WL 2274861, fn. 1 (S.D.N.Y., 2007); Seymour v. Penske Truck Leasing Co., LP, 2007 WL 2212609 (S.D. Georgia, 2007); Jones v. Bill, 10 NY3d 550, __NE2d__ (2008); Hall v. ELRAC, 52 AD3d 262, 859 NYS2d 641 (1st Dept., 2008); Graham v. Dunkley, 50 AD3d 55, 852 NYS2d 169 (2d Dept., 2008); Johnson v. Kling, 48 AD3d 637, 854 NYS2d 648 (2d Dept., 2008).

As the vehicle alleged in the plaintiff's complaint is owned by the defendant PV Holding Corp. (see certificate of title at

3

Exhibit B) and was rented through its affiliate engaged in the business of renting vehicles to the public, Budget Rent a Car Systems, Inc., and operated by its renter when the accident occurred, the instant action against PV Holding Corp. and its affiliate Avis Budget Group, Inc. is barred pursuant to 49 USC §30106 and plaintiff's complaint must be dismissed. See Reiseman affidavit.

As an additional ground for dismissal of plaintiff's complaint in favor of the defendant Avis Budget Group, Inc., it is submitted that the submission of the certified title report from the State of Massachusetts at Exhibit B showing that title to the vehicle is in PV Holding Corp. is prima facie proof that the defendant Avis Budget Group, Inc. is not the owner of said vehicle requiring dismissal of the plaintiff's complaint against Avis Budget Group, Inc., even in the absence of federal preemption. See New York Vehicle and Traffic Law §128; <u>Squires v. Mumphrey</u>, 36 AD3d 607, 828 NYS2d 449 (2d Dept., 2007); <u>Marchetti v. Avis Rent a Car</u>, 249 AD2d 518, 672 NYS2d 368 (2d Dept., 1998); <u>Dickerson v. Diaz</u>, 256 AD2d 435, 681 NYS2d 605 (2d Dept., 1998).

## **CONCLUSION**

As a matter of law, the defendants PV Holding Corp. and Avis Budget Group, Inc. are entitled to summary judgment dismissing the complaint.

4

Dated: Tarrytown, New York
       July 31, 2008

                                      Respectfully submitted,

                                      REARDON & SCLAFANI, P.C.
                                      Attorneys for Defendants
                                      PV Holding and Avis
                                      OFFICE & P.O. ADDRESS
                                      220 White Plains Road, Suite 235
                                      Tarrytown, New York 10591
                                      (914) 366-0206

                                      By: _____
                                           NICHOLAS J. ACCURSO (NA 8153)